UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

DANIEL FELIPE C. C.,

        Petitioner,

v.

PAMELA BONDI, *Attorney General*;
KRISTI NOEM, *Secretary, U.S.
Department of Homeland Security*;
TODD M. LYONS, *Acting Director of
Immigration and Customs Enforcement*;
and DAVID EASTERWOOD, *Acting
Director, St. Paul Field Office,
Immigration and Customs Enforcement*,

        Respondents.

Case No. 26-cv-863 (LMP/SGE)

**ORDER GRANTING
HABEAS PETITION**

---

M. Boulette, **Boulette Law, Minneapolis, MN**, for Petitioner.

Ana H. Voss and Friedrich A. P. Siekert, **United States Attorney's Office, Minneapolis, MN**, for Respondents.

Petitioner Daniel Felipe C. C. is a citizen of Ecuador who has resided in the United States since November 2022. ECF No. 1 ¶ 13. He has a pending asylum application, is not subject to a final order of removal, and has no criminal history. *Id.* ¶¶ 14, 16. Daniel Felipe C. C. was arrested by immigration officials on January 11, 2026, was "quickly transported" out of this District, and remains in the custody of United States Immigration and Customs Enforcement. *Id.* ¶ 17. He asserts that Respondents (the "Government") have detained him pursuant to the mandatory detention provisions of 8 U.S.C. § 1225(b)(2). *See id.* ¶ 35. Daniel Felipe C. C. contends that he is not subject to detention

under 8 U.S.C. § 1225(b)(2) but instead is subject to detention, if at all, under 8 U.S.C.

§ 1226(a), and that the Government has not presented a warrant that justifies his detention.

*See id.* ¶¶ 17, 35.

This Court has concluded that the mandatory detention provisions of 8 U.S.C.

§ 1225(b)(2) do not apply to noncitizens similarly situated to Daniel Felipe C. C. *See*

*Roberto M. F. v. Olson*, No. 25-cv-4456 (LMP/ECW), 2025 WL 3524455, at *4 (D. Minn.

Dec. 9, 2025); *Victor Hugo D. P. v. Olson*, No. 25-cv-4593 (LMP/DTS), 2025 WL 3688074,

at *2–3 (D. Minn. Dec. 19, 2025).  This Court has further held that to the extent such

noncitizens are detained pursuant to 8 U.S.C. § 1226(a), the Government must present an

administrative warrant to justify their detention.  *See Joaquin Q. L. v. Bondi*,

No. 26-cv-233, 2026 WL 161333, at *2–3 (D. Minn. Jan. 21, 2026); *see also* 8 U.S.C.

§ 1226(a) (stating that a noncitizen "may be arrested and detained" pending removal "[o]n

a warrant issued by the Attorney General").  Accordingly, the Court ordered the

Government to answer Daniel Felipe C. C.'s petition by February 4, 2026, "certifying the

true cause and proper duration of Daniel Felipe C. C.'s confinement," including a

"reasoned memorandum of law and fact explaining [the Government's] legal position on

Daniel Felipe C. C.'s claims."  ECF No. 4.

The Government timely responded and concedes that Daniel Felipe C. C.'s petition

"raises legal and factual issues similar to those in prior habeas petitions this Court has

decided."  ECF No. 6 at 1.  Nevertheless, the Government "assert[s] all arguments raised

by the government in *Avila* [*v. Bondi*, No. 25-3248 (8th Cir. docketed Nov. 10, 2025)],

preserve[s] those arguments for any appeal in this case, and respectfully request[s] that the Court deny [Daniel Felipe C. C.'s] habeas petition." *Id.*

Because nothing distinguishes Daniel Felipe C. C.'s case from those the Court has previously decided, and because the Government has not presented a warrant that would justify Daniel Felipe C. C.'s detention under 8 U.S.C. § 1226(a), the Court concludes that Daniel Felipe C. C. is entitled to immediate release from custody.  The Court therefore grants Daniel Felipe C. C.'s petition as set forth below.

## ORDER

Based on the foregoing, and on all the files, records, and proceedings in this matter,

**IT IS HEREBY ORDERED** that:

1. Daniel Felipe C. C.'s Verified Petition for Writ of Habeas Corpus (ECF No. 1) is **GRANTED**;

2. The Government is **ORDERED** immediately to return Daniel Felipe C. C. to Minnesota;

3. After returning Daniel Felipe C. C. to Minnesota, the Government is **ORDERED** immediately to release Daniel Felipe C. C. from custody;

4. Daniel Felipe C. C. must be released without conditions and with all personal property;

5. If the Government seeks to impose conditions of release on Daniel Felipe C. C. or to retain Daniel Felipe C. C.'s property, it must inform the Court by no later than 12:00 p.m. on Wednesday, February 11, 2026: (a) the conditions

imposed or the property retained; and (b) the legal basis on which the conditions are imposed or the property is retained; and

6.      The Government is **ORDERED** to file a status report certifying its compliance with this Order by no later than 3:00 p.m. on Wednesday, February 11, 2026.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated: February 5, 2026                          *s/Laura M. Provinzino*
                                                 Laura M. Provinzino
                                                 United States District Judge